IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE, INDIANA

| | |
|---|---|
| CRYSTAL GODFREY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:22-cv-00175 |
| | ) |
| ABODE HEALTHCARE, INC | ) |
| | ) |
| Defendant, | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

**JURISDICTION**

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on April 13, 2022.

**PARTIES**

3. Plaintiff is a woman and at all relevant times she resided in the Northern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Northern District of Indiana.

**FACTS**

5. On April 30, 2012, Plaintiff was hired to work at Defendant as a Patient Care Manager.

6. Plaintiff performed her job well and was promoted numerous times.

7. On October 25, 2019, Plaintiff emailed Defendant's corporate team to explain that she had chosen to step down from State Administrator at the time.

8. Plaintiff informed her manager that if he needed to reduce or change her pay at that time she understood. However, Plaintiff's manager informed Plaintiff that he was not changing her pay.

9. In May 2020, Plaintiff began working under a new manager. Plaintiff's new manager spoke poorly about Plaintiff to other managers. However, when Plaintiff would address this with him, he just laughed or denied the allegations.

10. On August 26, 2020, Plaintiff met with her old manager and Defendant's new COO and she explained to them that she felt her new manager had a target on her back and that she could not work in this hostile environment.

11. On August 27, 2020, Plaintiff spoke with Defendant's CEO regarding her concerns.

12. Defendant's CEO asked Plaintiff if she would consider stepping back into the administrator role if her new manager was less involved and additional staff were hired.

13. Defendant's CEO stated that he was not going to let Plaintiff leave, and if she was willing to step back up in the administrator role he would personally ensure Plaintiff's new manager would back off and additional staff would be hired.

14. Plaintiff discussed how her new manager frequently threatened her pay, Defendant's CEO informed Plaintiff that there was nothing wrong with her pay.

15. The next day, however, Plaintiff noticed the administrator position she was offered listed on Indeed, and her new manager informed her that she would not receive that position and that she was simple 'in the running.'

16. Someone else was hired into the role shortly after.

17. A few days prior to Christmas Eve 2020, Plaintiff called Defendant's COO again, and told him she was concerned about her new manager continuing to retaliate against her.

18. Immediately after Plaintiff complained, she received a text from her new manager stating he was on the phone with the COO and stated "obviously you and I need to talk."

19. On January 15, 2021, Plaintiff spoke with Defendant's HR about the harassment and retaliation she was experiencing due to her new managers conduct.

20. Defendant's HR did nothing.

21. On April 28, 2021, Plaintiff had a meeting with Defendant's VP of Operations. During the meeting, Defendant's VP of Operations told Plaintiff he did not trust her, however, when asked he could not give her a reason why he did not trust her.

22. Plaintiff informed Defendant's VP of Operations that his perception of her was based on what her new manager told him. Defendant's VP of Operations admitted that that was true.

23. On June 14, 2021, Plaintiff's pay was reduced by more than thirty thousand dollars.

24. Plaintiff immediately contacted Defendant's HR representative and CEO, however, they did nothing.

25. Similarly situated comparators outside of my protected class have engaged in conduct of comparable seriousness and they did not have their pay reduced.

26. Plaintiff's pay was reduced because to engaging in protected activity.

## COUNT I

27. Plaintiff incorporates by reference paragraphs 1-26.

28. Defendant, as a result of reducing Plaintiff's pay due to Plaintiff engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff his cost in this action and reasonable attorney fees;

F. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

                                          Respectfully Submitted

                                          s//Amber K. Boyd
                                          Amber K. Boyd 31235-49
                                          Attorney for Plaintiff

Amber K. Boyd 31235-49
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416