UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CRYSTAL GODFREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:22-CV-175-HAB |
| | ) |
| ADOBE HEALTHCARE, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff filed this Title VII claim of gender discrimination and retaliation in May. Defendant having failed to respond, Plaintiff moved for, and obtained, a clerk's entry of default. Nearly six weeks later, Defendant appeared and moved to set aside the default. (ECF No. 12). That motion is fully briefed (ECF Nos. 19, 20) and ready for ruling.

Before proceeding to the merits of Defendant's arguments, it must first note the curious way Defendant has chosen to proceed. Defendant titled its filing a "Motion to Set Aside Default Judgment," (ECF No. 12) but no default judgment has been entered. Relatedly, Defendant has briefed the standard to set aside a default judgment under Fed. R. Civ. P. 60, but that rule does not apply to a simple entry of default. (ECF No. 20 at 2–3, 5). Defendant, then, has wasted the Court's time addressing inapplicable and irrelevant legal standards.

More distressingly, Defendant's sole authority is *Smith v. Johnston*, 711 N.E.2d 1259 (Ind. 1999). Because this is a Title VII case, the Court has federal question jurisdiction. 28 U.S.C. § 1331. Federal law, then, applies to both substantive and procedural issues. *Aerosonic Corp. v. Trodyne Corp.*, 402 F.2d 223, 239 (5th Cir. 1968). But even if diversity jurisdiction applied, state law would

apply only to substantive issues, with federal law applying to procedural ones. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Entering and setting aside default judgments is a procedural issue to which federal law would apply. *Hoyos v. Telecorp Comm'ns, Inc.*, 488 F.3d 1, 5 (1st Cir. 2007). Indiana law would never apply to the issue before the Court, leaving serious questions about why Defendant would rely *entirely* on an Indiana Supreme Court decision.

That out of the way, the Court will turn to a relevant discussion of the legal standard. Federal Rule of Civil Procedure 55(c) states: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." A party seeking to vacate an entry of default prior to the entry of final judgment must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007).; see also Fed. R. Civ. P. 55(c). While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test "is more liberally applied in the Rule 55(c) context." *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989).

Good cause first. To have an entry of default vacated, Defendant "must show it had good cause for the late submission of its answer." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). The Court has scoured Defendant's filings and finds no good cause asserted. The only reason Defendant advances for failing to answer the complaint is that its attorneys, who represented Defendant before the EEOC, were not served with the complaint or the request for default. Defendant points to no federal authority suggesting that service on a party's attorney, rather than the party itself, is either required or a basis to set aside a default. Indeed, without evidence that Littler Mendelson P.C., Defendant's counsel now, could accept service of the

2

complaint and summons, a decision by Plaintiff to serve Defendant via that attorney would have been precarious. *See, e.g.*, *Schultz v. Schultz*, 436 F.2d 635 (7th Cir. 1971).

Defendant's lack of federal authority aside, the Court cannot agree with the Indiana Supreme Court's analysis in *Smith*. Essentially, *Smith* holds that Indiana's rules of professional conduct override the state's Trial Rules on service of a complaint and summons. *Smith*, 711 N.E.2d at 1263–64. The Indiana Supreme Court cites Seventh Circuit case law to bolster its position. *Id*. at 1364, n.7 (citing *Grun v. Pnuemo Abex Corp*., 164 F.3d 411 (7th Cir. 1998)). True, in dicta, the Seventh Circuit did cite Standards for Professional Conduct Within the Seventh Federal Judicial Circuit No. 18, prohibiting an attorney from causing a default without first notifying opposing counsel, in commenting on the conduct of counsel before it. *Grun*, 163 F.3d at 422, n.9. But later decisions have made clear that, without any legal duty to serve opposing counsel with a request for entry of default, the standards of professional conduct cannot form a basis to set aside a default. *Sullivan v. Gen. Plumbing,, Inc.*, No. 06 C 2464, 2007 WL 1030236, at *4, n.2 (N.D. Ill. Mar. 31, 2007) ("because there was no legal requirement to notify counsel this Court will not grant the motion [to set aside default] on that basis"). Defendant has pointed to no legal duty on the part of Plaintiff to serve counsel with either the complaint or request for entry of default. The professional rules, then, cannot save Defendant now.

Perhaps understanding this, Defendant presents a backup argument that Plaintiff failed to show service when she requested the default. In the same breath, however, Defendant concedes that Plaintiff has since met that burden. (ECF No. 12 at 5). Defendant wants to make something of the time frames, but the Court cannot agree. It is true that it is the responsibility of Plaintiff to make a prima facie showing of valid service, but that duty does not arise until service is

3

challenged. *United States ex rel. Perez v. Williams*, 08-CV-4326, 2022 WL 44696, *9 (N.D. Ill. Jan. 5, 2022) (citing 1 James Wm. Moore et al., Moore's Federal Practice § 4.100 (3d ed. 2020)). A signed return of service satisfies the prima facie requirement, *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993), and a signed return of service has been provided to the Court. (ECF No. 10-2 at 1). The Court has no trouble concluding that Plaintiff has met her burden in showing valid service.

The requirements to set aside a default are listed in the conjunctive. Failure to meet any one of them is enough to deny a motion to set aside without analyzing the others. *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 47 (7th Cir. 1994). Defendant has failed to show good cause for the default, so its Motion to Set Aside Default Judgment (ECF No. 12) is DENIED.

SO ORDERED on December 28, 2022.

        s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT