UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CRYSTAL GODFREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:22-CV-175-HAB |
| | ) | |
| ADOBE HEALTHCARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This case has not gotten beyond the pleading stage and it's already a mess. Plaintiff sued in May 2022 alleging retaliation in violation of Title VII. (ECF No. 1). Defendant did not answer so, three months later, Plaintiff moved for, and received, a clerk's entry of default. (ECF Nos. 5, 6). Plaintiff then moved for default judgment. (ECF No. 7). But before the Court could rule on the motion for default judgment, Plaintiff moved for a second clerk's entry of default (ECF No. 10). The reason for the second filing, it seems, was to provide more evidence regarding service. (ECF No. 10-2).

In response to this second request for a clerk's entry, Defendant filed its misnamed Motion to Set Aside Default Judgment. (ECF No. 12). Defendant argued that, because Plaintiff had not served counsel that had represented Defendant before the EEOC, default judgment could not be entered. The Court disagreed and denied the motion to set aside. (ECF No. 21).

Undeterred, Defendant then objected to the second motion seeking a clerk's entry. (ECF No. 23). Defendant now presents a similar, but subtly different, argument than the one raised in their motion to set aside. Defendant now asserts that, although its in-house counsel was served

with Plaintiff's complaint, he assumed that outside EEOC counsel was handling the case.[1] He did not learn of his mistake until the entry of the clerk's entry of default. He then retained counsel to represent Defendant and move to set aside the clerk's entry. Defendant also argues that it was never properly served, despite acknowledging that its in-house counsel was aware of the suit. Plaintiff's second request for a clerk's entry is now fully briefed (ECF Nos. 23, 25) and ready for an order.

Federal Rule of Civil Procedure 55(c) states: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." A party seeking to vacate an entry of default prior to the entry of final judgment must show: "(1) good cause for [setting aside] the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007).; see also Fed. R. Civ. P. 55(c). While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test "is more liberally applied in the Rule 55(c) context." *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989).

The Court finds Defendant's new explanation of good cause more compelling than its first. Mistakes are good cause for setting aside an entry of default. *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014). In-house counsel made a mistake by not ensuring that outside counsel was defending Plaintiff's suit but, in the Court's view, his action was just that: a mistake. In-house counsel did not ignore the complaint and summons as did the defendant in Plaintiff's preferred case, *Anderson v. Curry*, Cause No. 3:13-cv-989, 2014 WL 4843814 (N.D. Ind. Sept. 24, 2014). In-house counsel always intended that Plaintiff's suit be defended and believed that it

---

[1] Defendant continues to assert that Plaintiff had a duty to serve outside EEOC counsel with the complaint, relying on *Smith v. Johnson*, 711 N.E.2d 1259 (Ind. 1999). The Court explained the inapplicability of *Smith* in its order denying Defendant's motion to set aside and incorporates that discussion here.

2

was being defended. That belief was mistaken but, again, a mistake does not support the entry of a default judgment. Defendant has presented good cause for its failure to answer or otherwise respond to the complaint.

Good cause aside, the parties disagree on whether Defendant acted quickly to set aside the default. Quick action is "measured by the time between entry of default and the motion to vacate." *Jones v. Radey*, No. 1:21-cv-163-JPH-TAB, 2022 WL 6580323, at *3 (S.D. Ind. Sept. 26, 2022) (citing *Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 861 (7th Cir. 2016)). There is no set time limit for whether action is prompt, but courts generally find this prong satisfied when the defendant files the motion to vacate within a few days or a few weeks. *Sharma v. Big Limos MFG, LLC*, No. 17 C 21, 2017 WL 2779798, at *5 (N.D. Ill. June 27, 2017) (citations omitted); *Shakur v. Swalls*, No. 3:20-cv-00042-GCS, 2021 WL 1784928, at *2 (S.D. Ill. May 5, 2021). The inquiry depends on the circumstances of the case, *Trade Well Int'l v. United Cent. Bank*, 825 F.3d at 861, and courts consider whether the other parties were prejudiced by the delay, *e.g.*, *Franklin v. PTS of Am., LLC*, No. 08-cv-1264, 2009 WL 10682267, at *3 (C.D. Ill. Dec. 30, 2009); *Allen Russell Pub., Inc. v. Levy*, 109 F.R.D. 315, 319 (N.D. Ill. 1985).

The dispute comes down to when Defendant is considered to have acted. Defendant notes that it first moved to set aside the default within six weeks of the clerk's entry. And the parties generally agree that, if the time considered is six weeks, then Defendant took prompt action. *See Protective Life Ins. Co. v. Foster*, Cause No. 3:21-CV-815, 2022 WL 16700194, at *3 (N.D. Ind. Nov. 3, 2022) (five-week delay considered quick action). Plaintiff, however, believes that the Court should run the time from the initial entry to Defendant's most recent filing, noting that Defendant's initial attempt to set aside the entry of default was denied. Plaintiff, then, counts twenty weeks between default and Defendant's motion to set aside.

3

The Court finds little merit in Plaintiff's position. While it is true that Defendant failed to show good cause to set aside the default on its first try, it hardly seems fair to attribute the time that its initial motion pended as delay. Plaintiff took two of those weeks drafting her response, and the fully briefed motion pended before the Court for seven more weeks before a ruling. That's half the time that Plaintiff wants to attribute to Defendant's delay. This is all without pointing out that Plaintiff has not pointed to a single authority that holds that Defendant's initial, unsuccessful attempt should not be considered when determining whether Defendant acted quickly. On these facts, the Court is reasonably satisfied that Defendant took prompt action to set aside the entry.

As to the third requirement for setting aside a default, a meritorious defense, Plaintiff does not argue that Defendant's proffered defense, essentially that Defendant's reduction in pay resulted from a change in corporate ownership, fails as a meritorious defense at this stage. The Court will consider that prong to have been fulfilled. Defendant, then, has shown all three requirements for setting aside an entry of default, and its motion to set aside will be granted.

Before concluding, the Court must address the service issue raised by Defendant in its motion to set aside. Defendant claims that it was not properly served, nor was Premier Hospice and Palliative Care ("Premier"), a related entity that also employed Plaintiff. Given the appearance of two law firms on behalf of Defendant and the volume of briefing Defendant has presented, the Court assumes that service is no longer an issue. *Bristol W. Ins. Co. v. Clark*, 858 F. Supp. 2d 995, 1000 (S.D. Ind. 2012) ("even if proper service has not been accomplished, the privilege of asserting the defense of improper service 'may be waived by formal submission to a cause, or by submission through conduct.'").

What is an issue is the identity of the proper defendant. As this Court learned the hard way, a case cannot be allowed to proceed past the pleading to the summary judgment stage without the

proper defendant being named. *See Padgett v. Norfolk Southern Corp.*, No. 21-2488, 2022 WL 2073830 (7th Cir. June 9, 2022). The Court does not know which corporate entity should be the defendant in this case, but the parties do. The parties, then, must work together to "ensure only the named parties litigate," *id*. at *2, that is, that the proper defendant(s) have been named, before proceeding with the case.

For these reasons, Plaintiff's motion for default judgment (ECF No. 7) and second motion for clerk's entry of default (ECF No. 10) are DENIED. The parties are ORDERED to confer and agree on the identity of the proper defendant(s) on or before March 7, 2023. If an amended complaint is necessary to reflect the proper defendants, it is to be filed no later than March 21, 2023.

SO ORDERED on March 1, 2023.

      s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT